UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-23105-CIV-/O'SULLIVAN

[CONSENT]

BROWARD MARINE, INC., et al.,
    Plaintiffs,
v.
S/V ZEUS,
    Defendant.
_____/

BROWARD MARINE, INC., et al.,
    Supplemental Plaintiffs,
v.

MARINA FUNDING GROUP, INC., et al.,
    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176, 2/23/10). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176, 2/23/10) is **GRANTED in part and DENIED in part** as more fully explained below.

## BACKGROUND

On March 28, 2008, the supplemental plaintiffs[1] obtained a final judgment in the amount of $67,302.77 (hereinafter "costs judgment") against defendant Double Eagle

---

[1] The judgment was entered in favor of plaintiff BMI Investment Group, LLC as successor by assignment to Broward Marine, Inc. and BME Investment Group, LLC as successor by assignment to Broward Marine East, Inc. (collectively, "plaintiffs"). See Final Judgment Awarding Costs (DE# 117, 3/28/08).

Yachts, Inc. (hereinafter "Double Eagle"). See Final Judgment Awarding Costs (DE# 117, 3/28/08). The plaintiffs moved for proceedings supplementary to satisfy the outstanding judgment. See Plaintiffs' Motion to Commence Proceedings Supplementary and to Implead Third Parties and Memorandum in Support Thereof (DE# 126, 12/19/08). On March 19, 2009, the Court issued an Order Commencing Proceedings Supplementary to Execution and Impleading Third Parties (DE# 136, 3/19/09). Pursuant to this order, supplemental defendants Marina Funding Group, Inc. (hereinafter "MFG"), Burrell Industries, Inc. (hereinafter "Burrell"), Larry A. Zink, Esq. and Glenn Straub were impled. Id. Following an evidentiary hearing, the Court found that the supplemental plaintiffs were entitled to recover the full amount of the costs judgment plus interest from February 15, 2006 against the supplemental defendants and entered a final judgment to that effect. See Findings of Fact and Conclusions of Law (DE# 174, 2/1/10); Final Judgment (DE# 175, 2/1/10). The costs judgment in the amount of $67,302.77 has been paid by the supplemental defendants. See Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 182 at 2 n.1, 3/19/10).

Having prevailed in the proceedings supplementary, the supplemental plaintiffs now seek to recover attorneys' fees and costs against the supplemental defendants.[2] See Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176, 2/23/10). On March 3, 2010, the plaintiffs filed their Notice of Filing Affidavit (DE#

---

[2] The supplemental plaintiffs will be withdrawing their attorneys' fees request against Mr. Zink. See Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 183 at 6 n. 2, 3/29/10).

177, 3/3/10) in support of the instant motion. The supplemental defendants flied a response to the instant motion on March 19, 2010. See Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 182, 3/19/10). The plaintiffs filed a reply on March 29, 2010. See Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 183, 3/29/10). This matter is ripe for adjudication.

## ANALYSIS

A.   Attorneys' Fees

   1.   Entitlement

The supplemental plaintiffs seek to recover attorneys' fees pursuant to section 56.29(11) of the Florida Statutes. Section 56.29(11) states, in its entirety, as follows:

> Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. **Reasonable attorney's fees may be taxed against the defendant.**

Fla. Stat. § 56.29(11) (emphasis added). The supplemental defendants dispute the supplemental plaintiffs' entitlement to attorneys' fees. See Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 182, 3/19/10). They argue that "[a] simple reading of [section 56.29(11)] indicates that an award of costs against the original Defendant, here Double Eagle, is mandatory ("shall") and that an award of attorney's fees against Double Eagle is discretionary ("may") . . . . [but] [a]ttorney's fees and costs may not, however, be awarded against Supplemental Defendants under § 56.29(11), Fla. Stat." Id. at 3 (emphasis in original).

3

At first glance, Florida case law appears to support the supplemental defendants' position. In <u>Rosenfeld v. TPI Int'l Airways</u>, 630 So. 2d 1167 (Fla. 4th DCA 1993), an impled defendant appealed an attorneys' fees order entered against him and in favor of the judgment creditor pursuant to section 56.29(11), Fla. Stats. The appellate court reversed the fee award stating that it "believed an analysis of chapter 56 demonstrate[d] that attorney's fees, if awarded, [were] to be assessed against the judgment debtor." <u>Id.</u> at 1169. The appellate court reasoned that "[s]ection 56.29 . . . contain[ed] no authority for assessing fees against the implied third party defendant." <u>Id.</u> <u>See</u> <u>also</u> <u>DuSoe v. Securis Int'l, Inc.</u>, 672 So. 2d 89, 90 (Fla. 1st DCA 1996) (finding "no Florida law to support the trial court's determination that an assessment of attorney's fees and costs against the . . . implied third-party defendants, [was] justified under section 56.29(11), Florida Statutes).

Nonetheless, the supplemental plaintiffs argue that they should recover attorneys' fees from the supplemental defendants because this Court has determined that the supplemental defendants were jointly and severally liable for the debt, some of the supplemental defendants were recipients of fraudulently conveyed funds and Mr. Straub was the alter ego of Burrell and implicitly the alter ego of MFG and Double Eagle. <u>See</u> Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 183 at 5, 3/29/10). The supplemental plaintiffs rely on <u>Parrot, Inc. v. Nicestuff Distributing Int'l, Inc.</u>, No. 06-61231-CIV, 2010 WL 680948, *11 (S.D. Fla. Feb. 24, 2010), which adopted a report and recommendation awarding attorneys' fees and costs incurred in proceedings supplementary against the judgment debtor and the impled

4

third parties. In Parrot, the Court had previously determined that the impled third parties were the alter egos of the judgement debtor and liable to the same extend as the judgment debtor. Id. In reaching the conclusion that fees and costs should be awarded against the implied third parties, the Court acknowledged Florida case law to the contrary:

> The Court is aware that some Florida case law precludes the award of attorney's fees and costs pursuant to § 56.29(11), Fla. Stat., against impled third parties. See Gaedeke Holdings, Ltd. v. Mortgage Consultants, Inc., 877 So. 2d 824 (Fla. 4th DCA 2004) (holding that under to § 56.29(11), Fla. Stat., judgment creditor could not recover attorney's fee and costs from impled individuals who were found to have received fraudulent transfers from judgment debtor, but that judgment creditor could recover attorney's fees and costs out of assets fraudulently transferred to the impled individuals and on remand directed trial court to issue appropriate order); see, e.g., PMI Mortgage Ins. Co. v. Kahn, 2009 WL 4639638, *1 (Fla. 3d DCA Dec. 9, 2009) (fees pursuant to § 56.29(11), Fla. Stat., may only be assessed against judgment debtor); Bloco, Inc. v. Porterfield Oil Co., Inc., 990 So. 2d 578, 580 (Fla. 2d DCA 2008) (same).

Id. at * 11, n. 8. Nonetheless, the Court in Parrot distinguished those cases on the ground that the impled defendants were not "merely 'impled defendants'" but were also alter egos of the judgment debtor. Id. "Thus, for purposes of liability, these [i]mpled [d]efendants stand in the same shoes as [the judgment debtor], and are liable to the same and full extent as [the judgment debtor]." Id. The Court further reasoned that even if the aforementioned Florida cases governed:

> [the impled defendants] fraudulently received transfers of assets after entry of the Consent Judgment against [the judgment debtor], and any order directing that the fraudulently transferred assets be applied towards satisfaction of [the judgment debtor's] debt would result in essentially the same outcome-satisfaction of [the judgement debtor's] debt to Plaintiff through assets of [the impled third parties].

Id.

In the instant case, unlike <u>Parrot</u>, the Court has not made an explicit finding that the supplemental defendants were the alter egos of the judgment debtor, Double Eagle. The only express alter ego finding made by the Court was with respect to Burrell being the alter ego of Mr. Straub. <u>See</u> Findings of Fact and Conclusions of Law (DE# 174 at 14, 2/1/10).[3] The Court did not make any alter ego findings as to the other companies controlled by Mr. Straub. Nonetheless, the plaintiffs are entitled to recover reasonable attorney's fees[4] and costs against Double Eagle. <u>See</u> Fla. Stat. § 56.29(11). Moreover, the fees and costs recovered pursuant to this Order should be recovered from the funds fraudulently transferred by Double Eagle and Burrell and MFG. <u>See</u> <u>Parrot</u>, 2010 WL 680948, *11 n. 8 (recognizing that, as an alternative to holding the impled defendants directly liable, the judgment creditor could satisfy a judgment awarding attorney's fees and costs incurred in the proceedings supplementary from the funds fraudulently transferred to the impled defendants); <u>Gaedeke Holdings, Ltd. v. Mortgage Consultants, Inc.</u>, 877 So. 2d 824, 826 (Fla. 4th DCA 2004) (noting that "[a]lthough [the judgment creditor was] not entitled to a direct award of attorneys' fees against the impled defendants . . . to hold that [the judgment creditor] cannot collect [the] judgment debt from the fraudulently transferred assets would fly directly in the face of the fraudulent

---

[3] The Court also found that "Mr. Straub used his companies, including Burrell, to finance the operations of his other companies including Double Eagle;" that "Mr. Straub did not maintain the corporate formalities among his various companies" and that "Mr. Straub clearly utilized his entities interchangeably." <u>See</u> Findings of Fact and Conclusions of Law (DE# 174 at 14, 2/1/10).

[4] Although the recovery of attorneys' fees is permissive under section 56.29(11), Fla. Stats., the Court finds that in the instant case fees stemming from the proceedings supplementary should be assessed against the judgment debtor given the protracted nature of the proceedings due to Double Eagle's efforts to avoid paying the judgment.

6

transfers statute."). Accordingly, the plaintiffs shall recover reasonable attorneys' fees and costs incurred in bringing the instant proceedings supplementary from the funds fraudulently transferred to Burrell and MFG.[5] See Findings of Fact and Conclusions of Law (DE# 174 at 20-21, 2/1/10) (finding that the funds transferred to Burrell and MFG were fraudulent conveyances).[6]

> **2.    Reasonableness**
>
> **a.    Reasonable Hourly Rate**

Having determined that the plaintiffs are entitled to an award of attorneys' fees incurred in connection with the prosecution of the instant proceedings supplementary, the undersigned next addresses the appropriate amount of that fee award.  The Court must first evaluate the supplemental plaintiffs' attorneys' fee request in terms of the appropriate hourly rate.[7]  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the

---

[5] There remains "a principal balance of $106,691.44 in Double Eagle assets that were fraudulently transferred." See Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 183 at 6, 3/29/10).

[6] The supplemental plaintiffs also seek attorneys' fees pursuant to the Court's inherent authority. Because the Court finds that the supplemental plaintiffs can recover fees and costs pursuant to section 56.29(11), Fla. Stats., the Court does not need to address this alternative basis for relief.

[7] The supplemental plaintiffs note that "[t]he [s]upplemental [d]efendants do not raise any issue as to the amounts sought or the reasonableness thereof." See Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 183 at 2-3, 3/29/10). Nonetheless, the statute tasks the Court with awarding only fees and costs that are reasonable. See Fla. Stat. §56.29(11). Thus, the Court must independently review the fees and costs sought by the plaintiffs. See also Parrot, 2010 WL 680948 at * 11 (noting that "despite the lack of specific objection regarding any of Plaintiff's expenses, the Court must scrutinize all fees requested.").

customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886 (1984).  In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing, Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

      The supplemental plaintiffs request an hourly rate of $250.00 for partners, $225 for associates and $90 for paralegals. See Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176 at 5, 2/23/10). Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. However, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Id. at 1303. Having considered and weighed the evidence, lead counsel's reputation and experience in the areas of the applicable law and the Court's familiarity proceedings supplementary litigation and attorneys' fees in general, the undersigned finds that the hourly rates sought in the instant case are reasonable and appropriate.

### b. Hours Reasonably Expended

The Court must next evaluate the supplemental plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel. The supplemental plaintiffs' motion requests reimbursement for 167.40 hours.[8] See Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176-1 at 8, 2/23/10). The plaintiffs submit an itemized invoice containing the date each task was performed, a description of the task and the amount of time spent. Id. at 1-8. This invoice is verified and certified by the plaintiffs' lead counsel. (DE# 176 at 7). Upon review of the invoice submitted by the supplemental plaintiffs, the undersigned finds that the time entries were contemporaneous, complete, standardized and accurately reflect the work done by the plaintiffs' counsel. Nonetheless, the Court finds that certain reductions are warranted. The plaintiffs seek attorney's fees from the date of the costs judgment rendered March 28, 2008. See Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176 at 5, 2/23/10). The supplemental plaintiffs commenced the instant proceedings supplementary on December 19, 2010. See Plaintiffs' Motion to Commence Proceedings Supplementary and to Implead Third Parties and Memorandum in support thereof (DE# 126, 12/19/08). Therefore, the fees incurred prior to the commencement of the proceedings supplementary should not be awarded. The first entry related the proceedings supplementary is dated December 16, 2008. The fees sought by the supplemental plaintiffs prior to this date total $8,737.50. The Court will reduce the total fees sought by this amount. The Court has reviewed the

---

[8] This amount is comprised of 160.4 hours of partner time, 3.5 hours of associate time and 3.5 hours of paralegal time.

remaining billing entries and finds that the fees sought by the supplemental plaintiffs are reasonable. Accordingly, the plaintiff should be awarded attorneys' fees in the amount of **$32,465.00** ($41,202.50 minus $8,737.50).

**B.     Costs**

Section 56.29 (11), Fla. Stats., states that: "[c]osts for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees." Fla. Stat. § 56.29 (11). Thus, the supplemental plaintiffs, as the judgment creditors, are entitled to recover costs against Double Eagle from the funds fraudulently transferred to Burrell and MFG. See analysis, supra. Initially, the supplemental plaintiffs sought $9,913.96 in costs. See Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 176 at 5, 2/23/10). The supplemental plaintiffs have since withdrawn some of the costs items including Westlaw, Pacer, postage, fax and Federal Express charges. See Supplemental Plaintiffs' Reply Memorandum to Supplemental Defendants' Response to Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE# 183 at 7, 3/29/10). The supplemental plaintiffs now seek $4,757.93 in costs. Id. at 8. These costs consist of witness fees, photocopies, certified copies, deposition attendance fees and deposition transcripts, court transcripts, mediation fee, service fees, long distance telephone calls, the filing of a judgment lien and travel expenses. As with the attorneys' fees, the supplemental plaintiffs seek costs from the date of the costs judgment. The Court finds that the appropriate start date for costs is the date the plaintiffs commenced their proceedings supplementary. Accordingly, the costs sought by the supplemental

plaintiffs dated April 1, 2008 through December 4, 2008 will be disallowed. The costs for the period initially totaled $2,761.57. However, as noted above, the plaintiffs have withdrawn the costs for postage, faxes, Pacer, Federal Express and Westlaw that appear during this time period. The Court calculates that these withdrawn costs total $1,710.67. Thus, the actual costs sought from April 1, 2008 through December 4, 2008 totals $1,050.90 ($2,761.57 minus $1,710.67). The Court will reduce the total costs sought by this amount. The Court has independently reviewed the remaining costs sought by the supplemental plaintiffs and finds that they are reasonable and taxable pursuant to section 56.29(11), Fla. Stat. Accordingly, the undersigned finds that the supplemental plaintiffs should be awarded **$3,707.03** ($4,757.93 minus $1,050.90) in costs.

In accordance with the above and foregoing, it is

**ORDERED AND ADJUDGED** that the Supplemental Plaintiffs' Verified Motion to Tax Attorneys' Fees and Costs (DE # 176, 2/23/10) is **GRANTED in part and DENIED in part**. The supplemental plaintiffs are awarded a total of **$36,172.03** in attorneys' fees and costs to be recovered from the funds fraudulently transferred to Burrell and MFG. If the supplemental defendants do not remit the aforementioned sum within thirty (30) days, the supplemental plaintiffs may petition this Court for the entry of a final judgment on fees and costs.

DONE AND ORDERED, in Chambers, at Miami, Florida this **15th** day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record